Case 2:15-cv-00080 Document 34 Filed in TXSD on 05/02/16 Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
May 02, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LINDA FLORES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:15-CV-80 |
| | § | |
| HOBBY LOBBY STORES, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED that on May 2, 2016 the Court **GRANTED** Plaintiff's Motion for Leave to Exceed Page Limitations, Dkt. No. 21, and **GRANTED** Plaintiff's Motion for Leave to File Amended Complaint, Dkt. No. 20.

### I. Background

On February 10, 2015, Defendant removed the above-captioned case from the County Court of Law in Nueces County. Dkt. No. 2. In her original petition before the state court, Plaintiff Linda Flores ("Flores") alleged injuries resulting from a slip-and-fall accident in a store owned by Defendant Hobby Lobby, Inc. ("Hobby Lobby") in Corpus Christi, Texas. Orig. Pet., Dkt. No. 2-1. Flores names Hobby Lobby and Jesse Elizalde as Defendants (collectively "Defendants"). *Id*.

Defendants filed a motion for summary judgment on February 29, 2016. Dkt. No. 19. On March 21, 2016, Flores filed a Motion for Leave to Exceed Page Limitations and Motion for Leave to File Amended Complaint. Dkt. Nos. 20, 21. Defendants then filed their Brief in Opposition to Plaintiffs' Motion for Leave to File an Amended Complaint, Dkt. No. 27, and Defendants' Response in Opposition to Plaintiff's Motion for Leave to Exceed Page Limitations, Dkt. No. 26. On April 27, 2016, Flores filed a reply to Defendants' opposition to her motion to exceed the page limitations. Dkt. No. 32.

## II.    Motion for Leave to File Amended Complaint

### A.    Legal Standard

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading once as of course either "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)–(B). Flores cannot amend her complaint as of course because she filed her motion for leave to amend after the twenty-one day period. In all other cases, Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Whether to grant a leave to amend is a matter within the discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Dunn v. Koehring, Co.*, 546 F.2d 1193, 1198 (5th Cir. 1977). Leave to amend should ordinarily be granted "if injustice will not otherwise result." *Yellow Bus Lines, Inc. v. Drivers, Chauffeurs & Helpers Local Union 639*, 883 F.2d 132, 145 (D.C. Cir. 1989).

### B.    Analysis

In her motion for leave to amend, Flores states that she seeks to amend her complaint in order to distinguish allegations concerning negligent activity from those concerning premises liability. Dkt. No. 20 at 1. Flores explains that such clarification of these claims is necessary in light of the matters raised in depositions ending on March 9, 2016 and in Defendants' motion for summary judgment. Dkt. No. 20 at 2. The amendments do not allege new claims according to Flores. Dkt. No. 20 at 2. Flores argues that Defendants will not be prejudiced by the amendment. Dkt. No. 20 at 1.

In their opposition to Flores's motion, Defendants state that Flores has been on notice as to the deficiencies in her complaint for over one year, and the Court's deadline to file amended pleadings was July 15, 2015. Dkt. No. 27 at 1; *see also* Dkt. No. 10. Defendants argue that Flores seeks to amend her complaint only to

support her response to Defendant's summary judgment motion. Dkt. No. 27 at 1. Defendants contest that Flores cannot amend her complaint merely to avoid the possibility of entry of summary judgment. Dkt. No. 27 at 3. Defendants also argue that Flores's motion seeks to amend the Court's scheduling order under Rule 16(b), so Flores must show good cause for her motion. Dkt. No. 27 at 2–3. Defendants claim that Flores has not met her burden. Dkt. No. 27 at 4. Further, Defendants state they will be prejudiced by Flores's proposed amendment, even though Flores does not state a new claim. Dkt. No. 27 at 4–5. If Flores is permitted to amend her complaint, Defendants state that they will likely seek to amend their summary judgment motion to address the additional allegations and may need to re-open discovery to evaluate Flores's negligent activity claim. Dkt. No. 27 at 5. Defendants argue that such a result is a waste of judicial resources and is unfair to Defendants. Dkt. No. 27 at 5–6. Finally, Defendants state that amendments at this stage are futile because Texas case law allows Flores to plead claims under either premises liability or negligent activity, but not both. Dkt. No. 27 at 6.

Federal Rule of Civil Procedure 15(a) provides a liberal amendment policy. *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) ("The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading."). Nonetheless, leave to amend is not automatic and may be denied for various reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party." *Id.* at 598. Delay alone is not sufficient to deny leave, and "amendment can be appropriate as late as trial or even after trial." *Id.*

As noted by Defendants, the Fifth Circuit has held that a party moving for amendment of pleadings after the scheduling order deadline has passed must show good cause for doing so. *See S&W Enterprises, L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) (stating that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired). "The good cause

standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Id.* at 535 (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). The trial court has "broad discretion to preserve the integrity and purpose of the pretrial order." *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979). The Court finds that Flores has provided good cause in her motion for leave to amend her complaint. Flores states that the amendments are necessary to respond to matters raised in depositions completed on March 9, 2016 and in Defendants' motion for summary judgment. Although Defendants argue that the matters raised at deposition are unrelated, the Court has no reason to believe that Flores makes these representations in bad faith.

Upon a showing of good cause, the court may then apply the lenient standard under Rule 15(a). Defendants' claim that Flores seeks leave to amend merely to alter her case theory in response to Defendants' summary judgment motion is not persuasive given similar Fifth Circuit case law. *See, e.g.*, *Texas Indigenous Council v. Simpkins*, 544 F. App'x 418, 421 (5th Cir. 2013) (determining that plaintiff should have been allowed to amend his complaint after defendants filed their summary judgment motion to allow plaintiff to assert a constitutional violation via section 1983, even though section 1983 was not specifically invoked in the original complaint); *Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir. 1972) (concluding that the district court should have construed the plaintiff's revised theory of the case in his opposition to summary judgment as a motion to amend the pleadings filed out of time). Flores's original petition contains sections for causes of action under premises liability and negligence, and the latter section can be read as pleading negligent activity. Orig. Pet., Dkt. No. 2-1 at 4–6. Indeed, Defendants interpret it as such, as they present an argument under this theory in their motion for summary judgment. Dkt. No. 19-1 at 9–12.

Thus, the Court finds that these amendments will facilitate a determination of claims on the merits, will not prejudice Defendants, and should be permitted in

the interest of justice. The Court therefore **GRANTS** Flores's motion for leave to file an amended complaint.

### III. Motion for Leave to Exceed Page Limitations

Flores seeks leave to exceed the page limitations set by the undersigned's Civil Procedures by six pages. Dkt. No. 21 at 2. Flores states that the additional length is needed to incorporate references to multiple depositions and to address various arguments raised by Defendants in their summary judgment motion. Dkt. No. 21 at 2. In their opposition to Flores's motion, Defendants argue that the additional length is unnecessary. Dkt. No. 26 at 2. Defendants state that they limited their summary judgment brief to twenty-five pages, and Flores should be able to do the same. *Id.* In her reply, Flores argues that the additional pages were necessary in order to cite the evidence with specificity to challenge Defendants' summary judgment motion. Dkt. No. 32 at 2–3.

The Court finds that Flores's request to exceed the page limitations is reasonable under the circumstances. The Court therefore **GRANTS** Flores's motion to exceed page limitations.

### IV. Conclusion

For the foregoing reasons, the Court:
- **GRANTS** Plaintiff's Motion for Leave to File Amended Complaint;
- **DIRECTS** the Clerk to file Plaintiff's Amended Original Complaint, Dkt. No. 20, Ex. A; and
- **GRANTS** Plaintiff's Motion for Leave to Exceed Page Limitations.

SIGNED this 2nd day of May, 2016.

_____
Hilda Tagle
Senior United States District Judge